UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KARI SUNDSTROM and
ANDREA FIELDS,

        Plaintiffs,

        v.                                                Case No. 06-C-112

MATTHEW J. FRANK,
WARDEN JUDY P. SMITH,
THOMAS EDWARDS,
JAMES GREER, and
ROMAN KAPLAN, MD,

        Defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
GRANTING MOTION FOR PRELIMINARY INJUNCTION BARRING DEFENDANTS
FROM WITHDRAWING PLAINTIFFS' HORMONAL THERAPY

      A telephonic hearing was conducted by the court on January 25, 2006, for initial consideration and scheduling of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiffs' Hormone Therapy. The plaintiffs appeared by Attorney Laurence J. Dupuis; and the defendants appeared by Assistant Attorney Generals Francis X. Sullivan, Corey F. Finkelmeyer, and Jody J. Schmelzer. Also appearing specially were Attorneys Cole Thaler and John A. Knight, pending admission to practice before this court.

      The plaintiffs, who are Wisconsin prison inmates, bring this civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief to redress the defendants' alleged violations of the plaintiffs' rights under Eighth and Fourteenth Amendments to the United States Constitution. (Compl. ¶ 2.) The plaintiffs allege that the defendants have

violated the Constitution by enforcing 2005 Wisconsin Act 105, codified at Wis. Stat. §302.386(5m), and abruptly terminating and depriving the plaintiffs of medical treatment for their serious health condition, Gender Identity Disorder (GID). *Id.* Further, the plaintiffs claim that the defendants took such actions with no exercise whatsoever of individualized medical judgment and in contrast to the treatment the defendants provide to other similarly situated inmates at Wisconsin Department of Corrections (DOC) facilities. *Id.* The complaint seeks an end to the defendants' actions that violate the plaintiffs' Fourteenth Amendment right to equal protection and their Eighth Amendment right to be free from cruel and unusual punishment, and a declaration that Wis. Stat. § 302.386(5m) is unconstitutional on its face. *Id.*

The plaintiffs' January 24, 2006, emergency motion, filed pursuant to Fed. R. Civ. P. 65, asks this court to direct the defendants and persons acting under their authority to continue administration of the plaintiffs' hormone therapy at the levels administered prior to January 12, 2006. The motion further requests this court to enjoin the defendants from enforcing Wis. Stat. § 302.386(5m) as applied to the plaintiffs. According to the plaintiffs' brief and declarations of Laurence Dupuis, Frederic M. Ettner, M.D., Randi C. Ettner, Ph.D., and Nick Gorton, M.D., both plaintiffs have received hormonal therapy for the treatment of GID for many years. Plaintiff Sundstrom has taken hormones continuously for almost sixteen years and plaintiff Fields has taken them for ten years. The plaintiffs, who are incarcerated at Oshkosh Correctional Institution (OCI), were told by OCI medical personnel that their hormone therapy would be stopped. On January 12, 2006, the defendants reduced their dosages by one-half. The plaintiffs were told that

2

violated the Constitution by enforcing 2005 Wisconsin Act 105, codified at Wis. Stat. §302.386(5m), and abruptly terminating and depriving the plaintiffs of medical treatment for their serious health condition, Gender Identity Disorder (GID). *Id.* Further, the plaintiffs claim that the defendants took such actions with no exercise whatsoever of individualized medical judgment and in contrast to the treatment the defendants provide to other similarly situated inmates at Wisconsin Department of Corrections (DOC) facilities. *Id.* The complaint seeks an end to the defendants' actions that violate the plaintiffs' Fourteenth Amendment right to equal protection and their Eighth Amendment right to be free from cruel and unusual punishment, and a declaration that Wis. Stat. § 302.386(5m) is unconstitutional on its face. *Id.*

The plaintiffs' January 24, 2006, emergency motion, filed pursuant to Fed. R. Civ. P. 65, asks this court to direct the defendants and persons acting under their authority to continue administration of the plaintiffs' hormone therapy at the levels administered prior to January 12, 2006. The motion further requests this court to enjoin the defendants from enforcing Wis. Stat. § 302.386(5m) as applied to the plaintiffs. According to the plaintiffs' brief and declarations of Laurence Dupuis, Frederic M. Ettner, M.D., Randi C. Ettner, Ph.D., and Nick Gorton, M.D., both plaintiffs have received hormonal therapy for the treatment of GID for many years. Plaintiff Sundstrom has taken hormones continuously for almost sixteen years and plaintiff Fields has taken them for ten years. The plaintiffs, who are incarcerated at Oshkosh Correctional Institution (OCI), were told by OCI medical personnel that their hormone therapy would be stopped. On January 12, 2006, the defendants reduced their dosages by one-half. The plaintiffs were told that

2

the reduction would continue so that they would be completely taken off hormone therapy by March 13, 2006.

According to the plaintiffs, the reduction and eventual cessation of their hormonal therapy is due to Wis. Stat. § 302.386(5m), which took effect on January 24, 2006. The new law prohibits the use of state funds or "federal funds passing through the state treasury to provide or to facilitate the provision of hormonal therapy," for the treatment of transgender prisoner, juvenile detainees, or residents in forensic mental health facilities in Wisconsin. Wis. Stat. § 302.386(5m).

The plaintiff's submit that as a result of the reduction in hormonal dosage, plaintiff Sundstrom has experienced mood swings, hot flashes, severe headaches, bloating, and crying fits. Plaintiff Fields claims to have suffered depression, nausea, muscle weakness, loss of appetite, increased hair growth, and skin bumps due to the hormone dosage reduction. Further, papers supporting the plaintiffs' motion add that all of the plaintiffs' endocrine functions and organ systems will be affected by cessation of the therapy, including but not limited to the cardiovascular system, metabolic function, gonadal function, pancreatic function, and adrenal function. In addition, they maintain that the plaintiffs' depression will become more acute, blood pressure will rise, and suicidal ideation will accelerate. Consequently, the plaintiffs request that the court direct the defendants and persons acting under their authority to continue administration of the plaintiffs' hormone therapy at the dosages administered prior to January 12, 2006, and enjoining their enforcement of Wis. Stat. §302.386(5m), because the statute, as applied to the plaintiffs, violates the plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment and the plaintiffs' Fourteenth Amendment right to equal protection.

During the telephonic hearing of January 25, 2006, defense counsel acknowledged receipt of the plaintiffs' motion and advised that the defense needs times to prepare for a full hearing. Moreover, the defense acknowledged that this case is similar to *Konitzer v. Bartow*, Case No. 03-C-717 (E.D. Wis.), involving a DOC inmate who suffers from GID and whose hormonal therapy was set to be withdrawn under Wis. Stat. § 302.386(5m). In that case, on January 20, 2006, the court granted a preliminary injunction barring the defendants from withdrawing the plaintiff's hormonal therapy. Although the defendants need more time to respond to the plaintiffs' motion, the defendants' did not dispute the potential gravity of the health consequences the plaintiffs claim in the materials supporting their motion. Also, the defendants stipulated that if the court concludes that an injunction should issue, it may remain in place upon the filing of an amended complaint adding one plaintiff. Finally, the defendants waived the exhaustion requirement of 42 U.S.C. § 1997e(a).

To prevail on a motion for a preliminary injunction, the plaintiffs must establish (1) a likelihood of success on the merits of at least one of the plaintiffs' claims; (2) that there is no adequate remedy at law; and (3) that the plaintiffs will suffer irreparable harm if the injunction is not granted. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002); *see also Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). If these three conditions are met, the court must balance the harm to the plaintiffs if the injunction is not issued against the harm to the defendants if it is issued. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). This balancing involves a

sliding scale analysis: the greater the plaintiffs' chances of success on the merits, the less strong a showing the plaintiffs must make that the balance of harm is in its favor. *Id.*

Based on the records and documents on file in this case, the court finds that the plaintiffs have established a basis for a temporary injunction. Specifically, the plaintiffs appear to have suffered adverse health consequences based on the January 12, 2006, reduction in level of hormones that they are administered. And, more adverse health consequences are expected if the plaintiffs' hormone therapy is reduced further or terminated. It is likely that the plaintiffs can establish an Eighth Amendment violation by showing that the withdrawal of hormonal therapy will injure the plaintiffs' long term health, and the adverse effects will be irreparable. Moreover, money damages would not provide an adequate remedy to the plaintiffs. Further, the balance of harms tips in favor of the plaintiffs because both plaintiffs have been receiving hormonal therapy for health reasons for years and reduction in those levels appear to be harmful. At this time, continuing the plaintiffs' hormone treatments is more important than the saving of state and federal funds that must be expended for the treatments pending a further preliminary injunction hearing. hence, for the reasons stated above and those set forth in the record of the hearing of January 25, 2006,

IT IS ORDERED that the plaintiffs' motion for preliminary injunction is granted.

IT IS FURTHER ORDERED, nunc pro tunc January 25, 2006, that the defendants and anyone acting under their authority or the authority of the State of Wisconsin, are enjoined from withdrawing from any hormone therapy prescribed to the

5

plaintiffs as of January 11, 2006. Specifically, the plaintiffs' hormonal therapy should return to the level that was in effect prior to the January 12, 2006, reduction.

IT IS FURTHER ORDERED that no security for costs is warranted with respect to the plaintiffs' motion.

IT IS FURTHER ORDERED that a full hearing on the plaintiffs' motion for preliminary injunction shall commence Thursday, **August 24, 2006, at 8:30 a.m.**, in Court 222 U.S. Courthouse, 517 East Wisconsin Ave., Milwaukee, Wisconsin.

Inasmuch as the plaintiffs failed to present specific facts establishing that immediate and irreparable injury would be suffered by the plaintiffs before the defendants were heard, as required by Fed. R. Civ. P. 65(b),

IT IS FURTHER ORDERED that the plaintiffs' motion for a Temporary Restraining Order is denied.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2006.

                              BY THE COURT

                              s/ C. N. Clevert, Jr.
                              C. N. CLEVERT, JR.
                              U.S. District Judge