# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KARI SUNDSTROM,
ANDREA FIELDS, and
LINDSEY BLACKWELL,

        Plaintiffs,

       v.                           Case No.  06-C-112

MATTHEW J. FRANK,
WARDEN JUDY P. SMITH,
THOMAS EDWARDS,
JAMES GREER, and
ROMAN KAPLAN, MD,

        Defendants.

ORDER EXTENDING PRELIMINARY INJUNCTION BARRING DEFENDANTS FROM
WITHDRAWING HORMONAL THERAPY TO PLAINTIFF LINDSEY BLACKWELL

       The court conducted a telephonic hearing on January 25, 2006, for discussion of plaintiff Kari Sundstrom's and plaintiff Andrea Field's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Reducing or Terminating Plaintiffs' Hormone Therapy.  The plaintiffs appeared by Attorney Laurence J. Dupuis; and the defendants appeared by Assistant Attorney Generals Francis X. Sullivan, Corey F. Finkelmeyer, and Jody J. Schmelzer.  Also appearing specially were Attorneys Cole Thaler and John A. Knight, pending admission to practice before this court.

       The plaintiffs, who are Wisconsin prison inmates, bring this civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief to redress the defendants' alleged violations of the plaintiffs' rights under Eighth and Fourteenth Amendments to the United States Constitution.  (First Am. Compl. ¶ 2.)  The plaintiffs allege that the

defendants violated the Constitution by enforcing 2005 Wisconsin Act 105, codified at Wis. Stat. §302.386(5m), and abruptly terminating and depriving the plaintiffs of medical treatment for their serious health condition, Gender Identity Disorder (GID). (*Id.*) Further, the plaintiffs claim that the defendants took such actions with no exercise whatsoever of individualized medical judgment and in contrast to the treatment the defendants provide to other similarly situated inmates at Wisconsin Department of Corrections (DOC) facilities. (*Id.*) The complaint seeks an end to the defendants' actions that violate the plaintiffs' Fourteenth Amendment right to equal protection and their Eighth Amendment right to be free from cruel and unusual punishment, and a declaration that Wis. Stat. § 302.386(5m) is unconstitutional on its face. (*Id.*)

The January 24 emergency motion, filed pursuant to Fed. R. Civ. P. 65, asked this court to direct the defendants and persons acting under their authority to continue administration of Sundstrom's and Fields' hormone therapy at the levels administered prior to January 12, 2006. The motion further requested this court to enjoin the defendants from enforcing Wis. Stat. § 302.386(5m) as applied to those plaintiffs. According to the plaintiffs' brief and declarations of Laurence Dupuis, Frederic M. Ettner, M.D., Randi C. Ettner, Ph.D., and Nick Gorton, M.D., both plaintiffs have received hormonal therapy for the treatment of GID for many years. Plaintiff Sundstrom has taken hormones continuously for almost sixteen years and plaintiff Fields has taken them for ten years. Sundstrom and Fields, who are incarcerated at Oshkosh Correctional Institution (OCI), were told by OCI medical personnel that their hormone therapy would be stopped. On January 12, 2006, the defendants reduced their dosages by one-half. The plaintiffs

were told that the reduction would continue so that they would be completely taken off hormone therapy by March 13, 2006.

A new law, 2005 Wisconsin Act 105, Wis. Stat. § 302.386(5m), took effect on January 24, 2006. It prohibits the use of state funds or "federal funds passing through the state treasury to provide or to facilitate the provision of hormonal therapy," for the treatment of transgender prisoner, juvenile detainees, or residents in forensic mental health facilities in Wisconsin. Wis. Stat. § 302.386(5m).

Sundstrom submitted that the reduction in hormonal dosage caused mood swings, hot flashes, severe headaches, bloating, and crying fits. Plaintiff Fields claimed to have suffered depression, nausea, muscle weakness, loss of appetite, increased hair growth, and skin bumps due to the hormone dosage reduction. Further, papers supporting the plaintiffs' motion added that all of those plaintiffs' endocrine functions and organ systems would be affected by cessation of the therapy, including but not limited to the cardiovascular system, metabolic function, gonadal function, pancreatic function, and adrenal function. In addition, plaintiffs' depression would become more acute, blood pressure would arise, and suicidal ideation would accelerate. Consequently, the plaintiffs requested that the court direct the defendants and persons acting under their authority to continue administration of the plaintiffs' hormone therapy at the dosages administered prior to January 12, 2006, and enjoin their enforcement of Wis. Stat. §302.386(5m).

During the telephonic hearing of January 25, 2006, defense counsel acknowledged receipt of the plaintiffs' motion and advised that the defense needed time to prepare for a full hearing. Moreover, the defense acknowledged that this case is similar to *Konitzer v. Bartow*, Case No. 03-C-717 (E.D. Wis.), involving a DOC inmate who suffers

from GID and whose hormonal therapy was set to be withdrawn under Wis. Stat. § 302.386(5m). In that case, on January 20, 2006, the court granted a preliminary injunction barring the defendants from withdrawing the plaintiff's hormonal therapy. The defendants did not dispute the potential gravity of the health consequences plaintiffs Sundstrom and Fields claimed in the materials supporting their motion.

Also, at that hearing, the court was informed that another State of Wisconsin inmate, Lindsey Blackwell, was affected by the new law and that plaintiffs' counsel was considering adding Blackwell as an additional plaintiff. The defendants stipulated that if the court concluded that an injunction should issue, the injunction could remain in place upon the filing of an amended complaint adding Blackwell and would apply to Blackwell too.

Based on the records and documents on file in this case, the court found that plaintiffs Sundstrom and Fields had established a basis for a preliminary injunction. Specifically, the plaintiffs appeared to have suffered adverse health consequences based on the January 12, 2006, reduction in level of hormones that they are administered. And more adverse health consequences were expected if the plaintiffs' hormone therapy was reduced further or terminated. It was likely that the plaintiffs could establish an Eighth Amendment violation by showing that the withdrawal of hormonal therapy will injure the plaintiffs' long term health, and the adverse effects would be irreparable. Moreover, money damages would not provide an adequate remedy to the plaintiffs. Further, the balance of harms tipped in favor of the plaintiffs because both Sundstrom and Fields had been receiving hormonal therapy for health reasons for years and reduction in those levels appear to be harmful.

On January 27, 2006, after issuance of the preliminary injunction, plaintiffs filed their First Amended Complaint, adding Lindsey Blackwell as a third plaintiff. According to the amended complaint, Blackwell is 23 years old, and has been incarcerated at Racine Correctional Institution since September 19, 2005. (First Am. Compl. ¶ 7.) Blackwell has identified as transgender since the age of twelve, and attempted suicide around that age as a result of severe discomfort with gender identity. (*Id.* ¶ 35.) Blackwell was diagnosed as a transsexual in August 1998, at age fifteen, at which time a psychiatrist prescribed feminizing hormones and Blackwell began living full-time as a female. (*Id.* ¶ 36.) Blackwell's hormone therapy has not been interrupted at any time since hormone therapy began in 1998. (*Id.* ¶ 37.) Until January 23, 2006, defendants provided Blackwell with feminizing hormones. (*Id.* ¶ 38.) On January 23, 2006, Department of Corrections personnel informed Blackwell that 2005 Wisconsin Act 105 had passed. (*Id.* ¶ 47.) The defendants then halved Blackwell's hormone dosage and notified Blackwell that the dosage would be halved again in thirty days and terminated thirty days after that. (*Id.*) Since the reduction in hormone therapy, Blackwell has experienced mental and physical changes, including emotional fluctuations. (*Id.* ¶ 48.)

Based on the allegations of the First Amended Complaint, the same or similar considerations apply regarding plaintiff Blackwell as applied to plaintiffs Sundstrom and Fields. The same or similar severe consequences attend the reduction in Blackwell's hormone therapy as attended the reduction of Sundstrom's and Fields'. The same likelihood of success and the same balancing of harms applies as well. Most importantly, defense counsel at the hearing agreed that if Blackwell was added to the case as a

plaintiff, the preliminary injunction could apply to Blackwell in addition to Sundstrom and Fields.

Based on the hearing of January 25, 2006,

IT IS ORDERED that the preliminary injunction currently in place as to plaintiffs Sundstrom and Fields is extended to plaintiff Blackwell.

IT IS FURTHER ORDERED that the defendants and anyone acting under their authority or the authority of the State of Wisconsin, are enjoined from withdrawing from any hormone therapy prescribed to Blackwell January 22, 2006. Specifically, the plaintiffs' hormonal therapy should return to their **pre January 12, 2006, levels**.

IT IS FURTHER ORDERED that no security for costs is warranted.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge