# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KARI SUNDSTROM,
ANDREA FIELDS,
LINDSEY BLACKWELL,
MATTHEW DAVISON, also known as Jessica Davison,
and VANKEMAH D. MOATON,

        Plaintiffs,

        v.        Case No. 06-C-112

MATTHEW J. FRANK,
WARDEN JUDY P. SMITH,
THOMAS EDWARDS,
JAMES GREER,
ROMAN KAPLAN, MD,
WARDEN ROBERT HUMPHREYS,
and MANAGER SUSAN NYGREN,

        Defendants.

ORDER DENYING MOTION FOR LEAVE TO AMEND (DOC. #104) AND
DENYING MOTION TO RECONSIDER CERTIFICATION OF MODIFIED
CLASS DEFINITION (DOC. #104)

On March 5, 2007, the plaintiffs filed a joint motion for leave to amend and to reconsider certification of a modified class definition. The plaintiffs request that the court, 1) grant their motion to amend the complaint and allow them to add Erik Huelsbeck, a/k/a Erika Huelsbeck, and Kenneth Krebs, a/k/a Karen Krebs as additional plaintiffs; 2) grant them leave to file a Fourth Amended Complaint, *see* Exhibit F, adding plaintiffs Huelsbeck and Krebs, and class allegations; and 3) grant their motion to reconsider the February 15, 2007, decision denying class certification, and certify a modified class under Federal Rule of Civil Procedure 23 of:

> All current or future residents housed in prisons identified in Wis. Stat. § 302.01 who have been, or will in the future be, denied hormone therapy or sex reassignment surgery to treat a serious medical need because of the Inmate Sex Change Prevention Act, 2005 Wisconsin Act 105, codified at Wis. Stat. § 302.386(5m).

(Pl.'s Mot. ¶ 5.)

The defendants oppose the plaintiffs' motion and contend that allowing the plaintiffs to file a fourth amended complaint would result in substantial delay and unfairly prejudice the defendants. As for reconsideration of class certification the defendants submit that the proposed class still would not satisfy the typicality and numerosity requirements of Rule 23. Also, the defendants argue that allowing this case to proceed as a class action would result in substantial prejudice to the defendants because the scope of the lawsuit would be dramatically increased. Finally, the defendants assert that the plaintiffs' submission is not a motion for reconsideration because the plaintiffs are not asking the court to reconsider its ruling on their first proposed class. Rather, according to the defendants, the plaintiffs are asking the court to rule for the first time on an entirely new definition of a proposed class.

## MOTION TO AMEND THE COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

2

The five named plaintiffs in this case maintain that they have Gender Identity Disorder (GID). They are proceeding on an Eighth Amendment medical care claim and a Fourteenth Amendment equal protection claim based on allegations that the defendants stopped or threatened to stop their hormone therapy medication to comply with Wis. Stat. § 302.386(5m)[1]. The third amended complaint (complaint) seeks an end to purported actions by the defendants that violate the plaintiffs' Fourteenth Amendment right to equal protection and Eighth Amendment right to be free from cruel and unusual punishment, as well as a declaration that Wis. Stat. § 302.386(5m) is unconstitutional on its face. The court has entered a preliminary injunction, enjoining the defendants from withdrawing any hormone therapy which was prescribed to the plaintiffs as of January 11, 2006, and ordering the defendants to return the plaintiffs' hormonal therapy to the levels in effect prior to the January 12, 2006, reduction.

The pending motions seek leave by the plaintiffs to file a fourth amended complaint naming two additional plaintiffs, Erik, a/k/a Erika, Huelsbeck and Kenneth, a/k/a Karen, Krebs. According to the proposed fourth amended complaint, Huelsbeck and Krebs, Wisconsin state prisoners who are being harmed because Wisconsin Department of Corrections (DOC) medical personnel have denied them hormones pursuant to Wis. Stat. § 302.386(5m). The proposed fourth amended complaint charges that Huelsbeck and Krebs were identified as male when born but since childhood have had an innate sense of being female; both have been diagnosed with GID; both experience severe psychological distress

---

[1] The new law prohibits the use of state funds or "federal funds passing through state treasury to provide or to facilitate the provision of hormonal therapy or sexual reassignment surgery" for the treatment of transgender prisoners, juvenile detainees, or residents in forensic mental health facilities in Wisconsin. Wis. Stat. § 302.386(5m).

3

because their bodies do not conform to their female gender identity; and both have attempted suicide in the past and continue to experience depression or suicidal thoughts because of the psychological distress caused by their gender.

In support of the motion to amend, the plaintiffs contend that Wis. Stat. § 302.386(5m) is unconstitutional as applied to inmates who have a serious medical need for treatment for their GID. According to the plaintiffs,

> Although both Ms. Huelsbeck and Ms. Krebs could file separate cases seeking hormones, the cases they would file to obtain the hormone therapy denied them because of the Act would be closely related to the present case. The most important facts regarding their cases – the expert testimony about what treatment is medically necessary for persons with GID – and the legal questions regarding whether the Constitution requires treatment for prisoners with GID and a serious medical need for such treatment are the same as the facts and law at issue in this case.

(Pls.' Supporting Br. at 5.) The plaintiffs assert that "refusing to provide hormones to an inmate with GID who has a serious medical need for them inflicts the same kind of serious harm caused by cutting someone off the therapy." *Id.* at 4 (citing Declaration of Randi C. Ettner, Ph.D. ¶ 11.)

Based on the current record, Huelsbeck and Krebs are unlike the plaintiffs and have never been prescribed hormone therapy by the DOC. However, Huelsbeck and Krebs claim that, because of Wis. Stat. § 302.386(5m), the DOC refused to even consider them as candidates for hormone therapy. The proposed fourth amended complaint states that both Huelsbeck and Krebs have "asked DOC medical personnel to evaluate [them] for treatment, but they have refused because 2005 Wisconsin Act 105 prevents them from providing hormone therapy." (Proposed Fourth Amendment Complaint ¶¶ 73-74.) In Huelsbeck and

4

Krebs' opinion, hormones are medically necessary to treat their GID. However, neither inmate came into the DOC system taking feminizing hormones, although Huelsbeck took Depo-Provera for about three months several years ago. (Proposed Fourth Amended Complaint ¶ 54.)

There is a fundamental difference between the five named plaintiffs and the two proposed plaintiffs. The former have been prescribed and administered hormone therapy by the DOC[2]; the latter have not. Allowing Huelsbeck and Krebs to participate in this lawsuit as plaintiffs would expand this case to include the factual issue of whether hormone therapy is a medically necessary treatment for them individually. Expanding the nature of this lawsuit at this stage of the proceedings would prejudice the defendants unduly. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971); *Campania Mgmt. Co., Inc., v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002); *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F. Supp. 1213, 1217-18 (E.D. Wis. 1993).

It is clear that the plaintiffs are concerned that, if their motion to amend is denied, relief upon resolution of this case would be limited to prisoners who find themselves in the current plaintiffs' situation, i.e., subject to withdrawal of hormone therapy because of

---

[2] The pleadings indicated the following: Plaintiff Sundstrom was diagnosed with GID in 1990 at age 25 and has been on hormone therapy since 1990. During all periods of incarceration until January 12, 2006, the defendants have provided Sundstrom with feminizing hormones and testosterone blockers. Plaintiff Fields was diagnosed with GID in 1993 at age 16 and has been on hormone therapy since 1996. During all periods of incarceration until January 12, 2006, the defendants have provided Fields with feminizing hormone therapy. Plaintiff Blackwell was diagnosed as a transsexual in 1998 at age 15, at which time Blackwell was prescribed feminizing hormones and began living full-time as a woman. During all periods of incarceration until January 23, 2006, the defendants have provided Blackwell with feminizing hormone therapy. Plaintiff Davison was diagnosed as a transsexual in June 2005 and has taken prescribed feminizing hormones continuously since July 2005. Plaintiff Moaton was diagnosed as a transsexual at Dodge Correctional Institution in September 2006. Moaton has taken prescribed feminizing hormones since 2000. At this time, the five plaintiffs are receiving hormone medication pursuant to this court's order.

5

Wis. Stat. § 302.386(5m). Moreover, the plaintiffs point out that a blanket policy of failing to treat inmates with GID with hormone therapy can violate the Constitution. However, one of the plaintiffs' claims for relief in this case is a declaration that Wis. Stat. § 302.386(5m) is unconstitutional and a ruling upon the constitutionality of the statute has the potential to impact more than the five plaintiffs in this case.

## MOTION FOR RECONSIDERATION

Turning to the motion for reconsideration, the court notes that Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), *amended by*, 835 F.2d 710 (7th Cir. 1987). *Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

The plaintiffs contend that a class action is the most timesaving and efficient way to address the issues related to the statute's prohibition of medical treatment for "these plaintiffs" and for future inmates. The plaintiffs assert:

> The inmate population in the custody of the Department of Corrections is and will likely continue to be dispersed among several prisons. Many of these inmates will not have the knowledge of the law or the financial resources to institute individual suits challenging the Act, future inmates will be

6

> affected by the Act, and those future inmates who have the knowledge and financial resources to file cases for themselves or who manage to find attorneys to file cases for them will create a multiplicity of lawsuits deciding the same or substantially similar questions about the constitutionality of the Act raised in the current case. These factors show the impracticability of joining all inmates harmed now and in the future by the Act and strongly support the certification of a class.

(Pls.' Supporting Br. at 8.) The plaintiffs further contend that granting the relief sought in their motion is well within the court's discretion and will not prejudice the defendants.

On February 16, 2007, the court denied the plaintiffs' motion for class certification, reasoning, in part:

> The principal allegations in this case are that the plaintiffs have been diagnosed with GID or transsexualism and are taking hormone therapy that is in danger or being withdrawn. (*See* Court's Order of January 27, 2006) (discussing the dangerous effects of the withdrawal of hormone therapy). The plaintiffs propose a class which includes all prisoners "who have a strong persistent cross-gender identification and either a persistent discomfort with their sex or a sense of inappropriateness in the gender role of that sex." However, the proposed class would increase the scope of this lawsuit beyond those claims upon which the named plaintiffs are proceeding. Moreover, potential claims of the proposed class members have not been shown to be common or typical to those of the five plaintiffs in this case.

(Court's order of February 16, 2007, at 5.) The plaintiffs' motion for reconsideration of the court's denial proposes a revised class. *See infra.* at 2. However, for the reasons stated in this order with respect to the plaintiffs' motion to amend the complaint as well as the reasons set forth in the February 16, 2007, order, and because the plaintiffs have not presented newly discovered evidence or shown that the order of February 16, 2007, contained a manifest error of law,

7

**IT IS ORDERED** that the plaintiffs' motion for leave to amend (Doc. #104) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to reconsider certification of modified class definition (Doc. #104) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE