# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREA FIELDS,
MATTHEW DAVISON, also known as Jessica Davison,
and VANKEMAH D. MOATON,

        Plaintiffs,

        v.                                   Case No. 06-C-112

WARDEN JUDY P. SMITH, THOMAS EDWARDS,
JAMES GREER, ROMAN KAPLAN, MD,
and RICHARD RAEMSICH,

        Defendants.

ORDER GRANTING MOTIONS FOR ADDITIONAL FINDINGS
PURSUANT TO FED. R. CIV. P. 52(b) (DOC. # 222 & # 237)

The plaintiffs have filed two motions for additional findings to supplement the court's Memorandum Decision pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. The defendants do not object to the request.

Now, therefore,

IT IS ORDERED that the plaintiffs' motions are granted. Accordingly, pursuant to Fed. R. Civ. P. 52(b), the court now finds that a permanent injunction that restrains the defendants from enforcing or attempting to enforce the provisions of Wis. Stat. § 302.386(5m), by direct, indirect or other means, against any prisoner to whom the statute would otherwise apply and specifically against the plaintiffs, is warranted in this case. Such relief is narrowly tailored in that enjoining the enforcement of Wis. Stat. § 302.386(5m) prohibits only unconstitutional applications of the statute which this court has found to be unconstitutional any time it is applied. (Mem. Dec. at 62.) *See, e.g.,*

*Jordan v. Pugh*, 2007 WL 2908931, at *1-2 (D. Colo. Oct. 4, 2007); *Cline v. Fox*, 319 F. Supp. 2d 685, 695-96 (N.D. W. Va. 2004) (finding prison policy facially invalid and enjoining its enforcement).

The court further finds that an injunction against enforcement of Wis. Stat. § 302.386(5m) extends no further than is necessary to correct the Eighth Amendment and Equal Protection violations because any application of the statute would violate the Eighth Amendment and Equal Protection and enjoining all applications of Wis. Stat. § 302.386(5m) is necessary to prevent constitutional violations. (Mem. Dec. at 55-57 (finding that application of statute violates Eighth Amendment prohibition on deliberate indifference to serious medical needs by preventing DOC physicians from providing treatment they determine is medically necessary to treat serious medical condition of Gender Identity Disorder (GID)); 59-60 (finding that the statute violates the Eighth Amendment by removing "even the consideration of hormones or surgery" and thus "halted evaluations of inmates with GID for possible administration of hormone therapy because of the Act"); 61-63 (finding facial violation of Eighth Amendment because statute "withdraw[s] an ongoing course of treatment" for prisoners such as plaintiffs, "prevent[s] the DOC from undertaking thorough evaluations of inmates" who may have GID and require treatment prohibited by the statute, and that the statute applies only to those prisoners "for whom the law is a restriction" (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 894 (1992))); 63-67 (finding violation of Equal Protection, because prisoners with GID are treated differently from prisoners with all other medical conditions, without a rational basis for the differential treatment).)

2

Furthermore, the court finds that an injunction against enforcement of Wis. Stat. § 302.386(5m) is the least intrusive means possible to correct Eighth Amendment and Equal Protection violations that would be caused in the future through any application of the facially invalid statute. Lastly, the court concludes that the aforementioned injunctive relief will have no significant "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a)(1). (*See* Mem. Dec. at 66-67 (rejecting prison security justification for statute).)

Dated at Milwaukee, Wisconsin, this 9th day of July, 2010, nunc pro tunc June 22, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge

3

Case 2:06-cv-00112-CNC   Filed 07/09/10   Page 3 of 3   Document 239